May 25, 2015

83,354-01

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 28 2015

Abel Acosta, Clerk

TO: Texas Court of Criminal Appeals
Clerk of the Court
P.O. Box 12308
Austin, Texas 78711-2308

FROM: James Alva Elston # 1645172
Ellis Unit
1697 FM 980
Huntsville, Texas 77343

RE: Ex Parte James Alva Elston Trial Court No. W11242-1 - 355th District Court
    Objection to Trial Court's Order

Dear Clerk,

   Enclosed please find an original of my objection to the trial court's order
to my post conviction application for writ of habeas corpus. I am requesting that
this objection be included in the record in this court, as I believe the writ has
already been filed in this court.

   I am requesting that the court remand the cause to the trial court to do ap-
propriate findings of fact and conclusions of law. Please file the objections
at your earliest convenience. By copy of the same, I have served the district at-
torney and the trial court.

   I thank you for your time and attention to my request.

enclosure
cc:file
D.A.
Court, 355th

jae/fn

Respectfully,

James Alva Elston #1645172
5-25-2015

CAUSE NO. W11242-1

EX PARTE                              §        IN THE 355th JUDICIAL
                                      §
                                      §        DISTRICT COURT OF
                                      §
                                      §
JAMES ALVA ELSTON, III                §        HOOD COUNTY, TEXAS

### APPLICANT'S OBJECTION TO TRIAL COURT'S
### POST CONVICTION HABEAS CORPUS ORDER

**TO THE HONORABLE JUDGE OF SAID COURT:**

Comes Now, James Alva Elston, III, Applicant, pro se and files this objection to the trial court's post conviction habeas corpus order entered in this cause.

### FACTS APPLICABLE TO THE CLAIMS

All factual allegations from the application are adopted herein. The state has chosen to ignore the application for writ of habeas corpus filed by the Applicant, by failing to enter a response under Tex. Code Crim. Pro. Art. 11.07 § 3(b). This sets up an answer in the form of a general denial and has become the finding of fact by statutory default.

The Applicant however, maintains that all of his factual allegations stated in the application are true and correct, have been verified under penalty of perjury, and supported by uncontroverted evidentiary material in an exhibit record that accompanied the application. See application, memorandum of law in support, and exhibit record.

### OBJECTION TO TRIAL COURT ORDER

On May 8, 2015, the trial court entered an order holding that there are no controverted, previously unresolved issues of fact material to the legality of Applicant's conviction, and recommended relief be denied. Tex. Code Crim. Pro. Art. 11.07 § 3(c). The Applicant objects to the court's holding. As stated above, the Applicant supported his factual allegations by verifying them under penalty of perjury, uncontroverted evidentiary material and an exhibit record. The fact-

1.

ual allegations alone may not warrant relief. Ex Parte Empey, 757 S.W.2d 771,775 (Tex.Crim.App.1988).

However, factual allegations which are supported by substantial evidentiary material may warrant relief. "It is the Applicant's obligation to provide a sufficient record that supports his factual allegations with proof by a preponderance of the evidence." Ex Parte Thomas, 906 S.W.2d 22,24(Tex.Crim.App.1995); Ex Parte Chandler, 182 S.W.3d 350,353 n.2(Tex.Crim.App.2005)(adopting trial court finding of fact, denying relief, noting Applicant did not provide a copy of trial testimony in writ record)).

The Applicant, unlike the applicant in Chandler, supra, provided copies of relevant portions of the trial transcripts in an exhibit record annexed to the application for writ of habeas corpus("app."). Copies of the official record in the trial court far exceed even the basics of a preponderance of the evidence, and establishes a prima facie case of meeting that standard until proven otherwise. "Evidence preponderates where it is more convincting to the [trier of fact] than the opposing evidence." Ex Parte Chandler, supra at 353(quoting McCormick, EVIDENCE 793(2nd Ed. 1972); see also, Ex Parte Richardson, 70 S.W.3d 865,870(Tex. Crim.App.2002). Considering that official records from the Applicant's trial were provided to support his factual allegations pointing to obvious errors, it is more convincing than not, that the Applicant is entitled to relief.

The Applicant also provided an affidavit from an uncalled witness, the Applicant's mother, Debbie Elston, whom would have testified had she been called. However she was not through no fault of the Applicant. The affidavit supports the Applicant's allegation of ineffective assistance of counsel against his trial lawyer during the punishment phase of trial, for failing to call a witness. See app. at Ground Three; Affidavit of Debbie Elston. The affidavit establishes along with the facts in the app., that Applicant's trial counsel rendered deficient performance.

2.

The Applicant also provided an affidavit of his own, by way of an unsworn declaration, attesting to the same operative facts. See Unsworn Declaration of James Alva Elston. Therefore, the Applicant has far exceeded his burden alleging facts by a preponderance of the evidence supporting his factual allegations. Thomas, 906 S.W.2d at 24; Chandler, 182 S.W.3d at 353. The accuracy of the trial court's order that there are no previously, unresolved issues is now in question.

The Applicant alleged in the app., inter alia, ineffective assistance of trial and appellate counsel. By the very nature of the allegations, claims of ineffectiveness, will in all likelihood, require evidence(affidavits) from outside the trial record, to make a fully developed record. There has been no deficient and prejudice findings of fact and conclusions of law rendered on these claims. The trial court should have, but chose not to, at a minimum, enter an order designating issues, ordering both trial and appelate counsel to respond. A trial court acting as the habeas court, can resolve these issues by affidavit, depositions, interrogatories, hearing and personal recollection. Tex. Code Crim. Pro. Art. 11. 07 § 3(d); Ex Parte Carnes, 579 S.W.2d 249,250(Tex.Crim.App.1979).

When counsel's performance is called into question by a convicted defendant, a trial court should require counsel to respond to defend his performance and reputation. Andrews v. State, 159 S.W.3d 98(Tex.Crim.App.2005). In Applicant's case however, no such order was entered. The trial court failed to exercise even minimal concern for the constitutional rights of the Applicant, by wholly ignroing the serious allegations of ineffective assistance of counsel. Applicant's rights were violated under the Sixth and Fourteenth Amendments of the United States Constituion; Art. 1, Sec. 10, Texas Constitution; Texas Code Crim. Pro., Arts. 1.05; 1.051; and 26.04; Strickland v. Washington, 466 U.S. 668(1984); Hernandez v. State, 726 S.W.2d 53,56-57(Tex.Crim.App.1986).

The trial court also missed a second opportunity to gather evidence and devel-

3.

op the record, by failing to rule on Applicant's motion for evidentiary hearing, that accompanied his application. See Applicant's Motion For Evidentiary Hearing.

"It is axiomatic that the Court of Criminal Appeals is not bound by the trial court's findings of facts." Ex Parte Bates, 640 S.W.2d 894,898(Tex.Crim.App.1982). "While the court is not bound by the trial court's findings, the court should follow them where they are supported by the record." Ex Parte Brandley, 781 S.W.2d 886(Tex.Crim.App.1989); Ex Parte Adams, 768 S.W.2d 281(Tex.Crim.App.1989); but see Ex Parte Canedo, 818 S.W.2d 814,815(Tex.Crim.App.1991)(trial court's conclusions was "unsupported by the record")). Based on the factual allegations in the application, along with both the affidavit and unsworn declaration in support, coupled with the trial transcripts, the trial court's conclusion that there are no previously, unresolved issues of fact is erroneous. Therefore, the trial court's findings are unsupported by the record. Canedo, supra.

The Applicant contends that further facts are necessary for a fully developed writ record for a disposition, and a remand order from the Court of Criminal Appeals is warranted. The remand should require the trial court to not only address claims unrelated to ineffective assistance, but also require the court to either conduct a hearing, or gather information concerning ineffective assistance via other statutory avenues, including use of affidavits. Ex Parte Smith, 650 S.W.2d 68,69(Tex.Crim.App.1981); accord, Ex Parte Campos, 613 S.W.2d 745,746(Tex.Crim. App.1981). Remand is warranted to ensure that all constitutional protections that are afforded to the Applicant are fully and adequately addressed.

## CONCLUSION

The trial court wholly failed to address the seriousness of the ineffective assistance of counsel claims, leaving open the question, as to what strategy can imagined, for the acts of errors and omissions. The trial court should have, but did not, at a minimum, to ensure the constitutional protections afforded to the Applicant, required trial and appellate counsel to respond, before the court de-

4.

termined, and recommended relief be denied. The process used in Applicant's application for writ of habeas corpus is fundamentally defective. Remand to the trial court is warranted.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Applicant prays that this objection be entered in the writ record. Applicant further prays that an order be entered remanding the case to the trial court for further fact-finding and conclusions of law. Applicant further prays for any other relief that is just and equitable.

Respectfully Submitted,

*James Alva Elston #1645172*
5-25-2015

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been delivered to prison authorities for mailing by U.S. Mail, postage pre-paid, first-class to the Hood County District Clerk, 1200 West Pearl Street, Granbury, Texas 76048, and the Texas Court of Criminal Appeals, P.O. Box 12308, Austin, Texas, 78711-2308, and the Hood County District Attorney, 1200 West Pearl Street, Granbury, Texas 76048 on this the 25th day of May, 2015.

*James Alva Elston #1645172*
5-25-2015

## UNSWORN DECLARATION

I, James Alva Elston, III, TDCJ # 1645172, DOB 12/07/72 , being presently incarcerated in the Ellis Unit of the Texas Department of Criminal Justice, city of Huntsville, county of Walker, declare under penalty of perjury that the foregoing facts alleged herein are true and correct.

Executed on this the 25th day of May, 2015.

*James Alva Elston #1645172*
Applicant, pro se   5-25-2015

5.